# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 261 | **DATE** | 11/26/2003 |
| **CASE TITLE** | Nunnally vs. Principi | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's Motion for Summary Judgment [15-1] is granted. See attached.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | DEC 2 2003 date docketed | |
| X | Docketing to mail notices. | | | 15 docketing deputy initials | 25 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | | |
| | | courtroom deputy's initials | 03 DEC -2 AM 12:07 | date mailed notice | |
| | | | Date/time received in central Clerk's Office FILED | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Gerald Nunnally, )
) No. 02 C 261
Plaintiff, )
)
v. ) Honorable Charles R. Norgle
)
Anthony Principi, Secretary of the )
Department of Veterans Affairs, )
) DEC - 2 2003
Defendant. )

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Gerald Nunnally ("Nunnally") filed suit against his employer, Anthony Principi, Secretary of the Department of Veterans Affairs ("the Secretary"), alleging discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Specifically, Nunnally alleges in his complaint that he was discriminated against based on his race, in that his supervisor failed to document certain employment duties that he performed, thereby preventing or hindering him from being promoted. Before the Court is the Secretary's Motion for Summary Judgment.

**I. BACKGROUND**[1]

Nunnally, an African-American male, began working with the Department of Veterans Affairs ("the VA") in 1972. At all times relevant to this suit, Nunnally was employed in the position

---

[1] Since Nunnally did not comply with Local Rule 56.1 and file a proper response to the Secretary's statement of undisputed facts, the Court accepts as true all facts set forth in the Secretary's Local Rule 56.1 statement. See N. D. Ill. Local Rule 56.1 (b)(3)(B); see also Jupiter Aluminum Corp. v. Home Ins. Co., 225 F.3d 868, 870 n. 3 (7th Cir. 2000). The Court still must view the facts in the light most favorable to Nunnally, the non-moving party. See Fed. R. Civ. P. 56(c).



of Nurse II at the Westside VA Hospital. Nunnally's direct supervisor was Dr. Robert Craig ("Dr. Craig"), a clinical psychologist employed as the Program Coordinator of the Drug Abuse Clinic at the Westside VA Hospital. Dr. Craig's duties included, *inter alia*, completing performance evaluations for individual employees whom he supervised. With regard to Nunnally, these performance evaluations took the form of a Proficiency Report, which was a standardized form completed on an annual basis. In addition to the Proficiency Report, Dr. Craig allowed Nunnally to submit a written description concerning his own view of performance related to the critical elements of his position. Employees' Proficiency Reports were forwarded to the Nurse Professional Standards Board ("the Nursing Board"), which evaluated nurses in the Chicago Healthcare Center of the VA for salary, promotion and awards. Other than writing the Proficiency Reports, Dr. Craig was not involved in salary, promotion and awards decisions.

In order to eligible for promotion, a nurse must meet both education and practice requirements, as set forth under the Nurse Qualification Standard in the VA Handbook. The minimum educational requirement for the Nurse III position (the position to which Nunnally desired to be promoted) is a baccalaureate degree in nursing from an accredited program. The Nursing Board does not have authority to waive the educational requirement for the Nurse III position, but in appropriate cases it can recommend a waiver to the Medical Center Director. In addition to the educational requirements there is a practice requirement, by which a nurse must demonstrate a successful nursing practice in which the individual has sustained performance at the Nurse III level. The practice requirement is evaluated according to nine competency areas, including: practice, quality of care, performance, educational / career development, collegiality, ethics, collaboration, research, and resource utilization. The Nursing Board reviews nurses for promotion on a regular

basis, based on the nurses' Performance Reports. Nurses who meet the educational requirements for Nurse III are reviewed for promotion on an annual basis. Nurses who have not met the educational requirements for promotion are reviewed approximately every three years.

Nunnally concedes that he was ineligible for promotion to the Nurse III position because he did not have a baccalaureate degree in nursing. Additionally, the Nursing Board did not consider recommending a waiver of the educational requirement for Nunnally, because it found that he had not met the practice requirements for Nurse III. It is these practice requirements (more specifically, Dr. Craig's alleged failure to document Nunnally's employment responsibilities and duties, thus leading to Nunnally's inability to meet these practice requirements) that lie at the heart of Nunnally's claim.

Concerned with not having been promoted, Nunnally contacted an EEO counselor. Nunnally then filed a formal complaint of discrimination on September 4, 1998, raising numerous claims of racial discrimination, gender discrimination and retaliation. The VA issued a notice dismissing all but one of Nunnally's claims, allowing investigation into the issue of whether certain of Nunnally's employment responsibilities and duties were not documented in his Proficiency Reports. The VA conducted an investigation, and issued Nunnally a copy of the report and also advised him of his right to receive an immediate decision from the VA or to request a hearing before an Administrative Judge. Nunnally elected to have a hearing before an Administrative Judge, which was held on February 25, 2000. In an order dated September 25, 2001, the Administrative Judge issued a ruling finding that no unlawful discrimination had occurred, and denying Nunnally's claim. On October 10, 2001, the VA issued its Final Order, accepting the Administrative Judge's ruling denying Nunnally's claims. Nunnally alleges to have received this Final Order on November 28, 2001. See

Pl.'s Compl. ¶ 3(c). Nunnally then filed this present suit on January 10, 2002, within the 90 day period mandated by 42 U.S.C. § 2000e-16(c).

In his complaint in this Court, Nunnally alleges that he was not given promotions in July 1992, January 1993 and August 1996, because certain of his employment responsibilities and duties were not documented in his Proficiency Reports (which Nunnally terms "functional statements"). See Pl.'s Compl. ¶¶ 12, 15, 19. Typically, Nunnally's complaint would have been untimely to challenge any allegedly discriminatory action before his 1998 Proficiency Report, given the date on which Nunnally initiated administrative grievance procedures; however, the VA did not rest its decision denying Nunnally's administrative complaint of the ground of untimeliness, and has waived the argument that Nunnally has failed to timely exhaust his administrative remedies. See Ester v. Principi, 250 F.3d 1068, 1071-72 (7th Cir. 2001).

In his complaint in this Court, Nunnally further alleges that on May 17, 2001 he did receive a proper "functional statement," which has allowed him to pursue the promotions that he has been denied. See Pl.'s Compl. ¶ 14. Thus, Nunnally has filed the present suit for allegedly discriminatory conduct which occurred "throughout the period from April 4, 1993 through May 17, 2001." See id. ¶ 28 (C, D).

Specifically, Nunnally alleges in his complaint that he was discriminated against based on his race, in that Dr. Craig failed to document certain duties that he performed, thereby preventing or hindering him from being promoted to the position of Nurse III. In response to interrogatories, Nunnally stated:

> The core issue in this cause of action is the repeated failure of Dr. Robert Craig to properly document the nursing and non-medical duties performed by the plaintiff in annual performance evaluations by which the Nursing Board would have been able

4

to make an informed decision as to whether plaintiff was eligible for an upgrade to Senior Nurse.

See Def.'s LR 56.1, Ex. 1, Nunnally Answ. to Inter., 12. In response, Dr. Craig testified that he did in fact document most of the matters listed by Nunnally. See Def.'s LR 56.1, Ex. 16, Craig Decl., ¶ 7.

The Secretary has filed a motion for summary judgment, which is fully briefed and ready for ruling.

## II. STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden to prove that no genuine issue of material fact exists. See Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Once the moving party shows that there is no genuine issue of material fact, the burden shifts to the non-moving party to designate specific facts showing that there is a genuine issue for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

The non-moving party cannot rest on the pleadings alone, but must identify specific facts that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999); see also Fed. R. Civ. P. 56(e). "Conclusory allegations alone cannot defeat a motion for summary judgment." See Thomas v. Christ Hosp. and Medical Center, 328 F.3d 890, 893-94 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

Local Rule 56.1 requires both the moving and non-moving parties to submit a statement of material facts, including "specific references to the affidavits, parts of the record, and other supporting materials relied upon." See N. D. Ill. Local Rule 56.1(a)(3) and (b)(3). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." See N. D. Ill. Local Rule 56.1 (b)(3)(B); see also Malec v. Sanford, 191 F.R.D. 581, 584 (N.D. Ill. 2000) (Castillo, J.) (discussing non-moving party's burden in opposition to summary judgment under Local Rule 56.1).

The court views the record evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. See Fed. R. Civ. P. 56(c). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make a "choice of inferences." See Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. DISCUSSION

In this discriminatory failure to promote case, Nunnally presents no direct evidence of discrimination. Thus, in order to defeat the Secretary's motion for summary judgment, Nunnally may use the burden-shifting method outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under the burden-shifting method, Nunnally can raise an inference of discrimination by offering evidence sufficient to establish a *prima facie* case. See McDonnell Douglas, 411 U.S. at 802-05. To establish a *prima facie* case of discrimination in a failure to promote case, Nunnally must show: (1) he is a member of a protected group; (2) he was qualified for the position he sought; (3) he was rejected for the position; and (4) the employee promoted to the position was not a member

of the protected group and was not better qualified for the position. See Johnson v. Nordstrom, Inc., 260 F.3d 727, 732 (7th Cir.2001). If Nunnally can establish the elements of a *prima facie* case, the burden shifts to the Secretary to articulate a legitimate, nondiscriminatory reason for the decision. Id. To demonstrate that the articulated reason for the failure to promote is a pretext, Nunnally must eliminate the articulated reasons for the employment action as possible reasons by showing that the proffered explanation is a lie. See Wade v. Lerner New York, Inc., 243 F.3d 319, 323 (7th Cir.2001). Nunnally can meet this burden by presenting "evidence tending to prove that the employer's proffered reasons are factually baseless, were not the actual motivation for the [decision] in question, or were insufficient to motivate the [adverse employment action]." Adreani v. First Colonial Bankshares Corp., 154 F.3d 389, 395 (7th Cir.1998).

Nunnally satisfies the first and third elements of a *prima facie* case of discrimination in a failure to promote situation, since he is an African-American and he was rejected for promotions to the Nurse III position. However, Nunnally's attempt to establish a *prima facie* case ends there.

Nunnally cannot satisfy the third element of a *prima facie* case, since he was not, and is not, qualified for the Nurse III position. In order to eligible for promotion, a nurse must meet both education and practice requirements, as set forth under the Nurse Qualification Standard in the VA Handbook. The minimum educational requirement for the Nurse III position (the position to which Nunnally desired to be promoted) is a baccalaureate degree in nursing from an accredited program. The Nursing Board does not have authority to waive the educational requirement for the Nurse III position, but in appropriate cases it can recommend a waiver to the Medical Center Director. In addition to the educational requirements there is a practice requirement, by which a nurse must demonstrate a successful nursing practice in which the individual has sustained performance at the

7

Nurse III level. Nunnally has not fulfilled either requirement. First, Nunnally does not have a baccalaureate degree in nursing. In response to interrogatories propounded by the Secretary, Nunnally stated that he has a baccalaureate degree in psychology. See Def.'s LR 56.1, Ex. 1, Nunnally Answ. to Inter., 12. Second, the Nursing Board did not recommend a waiver of the educational requirement to the Medical Center Director because it repeatedly found that Nunnally had not met the practice requirements for the position of Nurse III. Yet, that is the essence of Nunnally's claim, that the Nursing Board did not recommend a waiver of the educational requirement because of Dr. Craig's allegedly deficient reporting in Nunnally's Proficiency Reports. However, in response to the Secretary's motion for summary judgment, Nunnally submits no evidence to indicate what Dr. Craig should have placed in his Proficiency Reports. All that remains is Nunnally's subjective disagreement, which is unsupported in the record, with the content of those performance evaluations. Thus, Nunnally cannot demonstrate that he was qualified for the Nurse III position.

Additionally, Nunnally cannot satisfy the fourth element of a *prima facie* case, since he has submitted no evidence to show that the employee promoted to the Nurse III position was not a member of the protected group and was not better qualified for the position. The record is left devoid with regard to who now occupies these Nurse III positions that Nunnally desired. In short, viewing the evidence in the light most favorable to Nunnally, there is absolutely no evidence that Dr. Craig's failure to document certain duties that Nunnally performed was motivated by racial animus.

Nunnally's sole response to the Secretary's motion for summary judgment is that "based upon further discovery and analysis of defendant's promotion practices, plaintiff may be able to

show an instance or pattern of discrimination regarding the promotion(s) or non-minorities whose qualifications were similar or less than those of plaintiff." See Pl.'s Resp. to Def.'s Mot. for Summ. J., ¶ 9. The conduct complained of spans over a decade, and Nunnally has been litigating this issue administratively for years and the present case is almost two years old. As the Seventh Circuit has indicated: "summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." Johnson v. Cambridge Industries, Inc., 325 F.3d 892, 901 (7th Cir. 2003) (citing Schacht v. Wis. Dep't. of Corrections, 175 F.3d 497, 504 (7th Cir. 1999)). Nunnally has not established a *prima face* case of discriminatory failure to promote.

Furthermore, even if Nunnally had established a *prima facie* case, his failure to promote claim nevertheless would fail because the Secretary has articulated a legitimate, nondiscriminatory reason for the decision not to promote Nunnally. It is undisputed that Nunnally was ineligible for promotion to the Nurse III position because he did not have a baccalaureate degree in nursing. The Nursing Board did not consider recommending a waiver for Nunnally, because it found that he had not met the practice requirements for Nurse III. The distillate of Nunnally's argument is that Dr. Craig failed to document certain employment duties that he performed, thereby preventing or hindering him from being promoted. However, Nunnally fails to proffer any evidence to support that argument in response to the Secretary's motion for summary judgment. There is a crippling dearth of evidence in the record with regard to what employment responsibilities and duties Nunnally performed that Dr. Craig allegedly omitted from his Proficiency Reports. Nunnally's argument is reduced to unadorned speculation that but for Dr. Craig's allegedly deficient reporting the Nursing Board would have recommend a waiver of the educational requirement to the Medical Center

Director. However, it is well-established that "'mere speculation or conjecture' will not defeat a summary judgment motion." McCoy v. Harrison, 341 F.3d 600, 604 (7th Cir. 2003) (citing Estate of Phillips v. City of Milwaukee, 123 F.3d 586, 591 (7th Cir.1997)).

The unrebutted evidence in this case shows that Nunnally did not meet the practice requirements for the Nurse III position. The Seventh Circuit has repeatedly reiterated that courts "do not sit as a superpersonnel department that reexamines an entity's business decision and reviews the propriety of the decision." See, e.g., Stewart v. Henderson, 207 F.3d 374, 378 (7th Cir. 2000). As with his *prima facie* case, Nunnally has failed to proffer any evidence that the Secretary's articulated reason is pretextual.

The Secretary has shown, on the basis of record evidence, that no genuine issue of material fact exist that would warrant a trial in this case. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586. Nunnally has elected to rest on his pleadings alone, which is impermissible at the summary judgment stage of litigation, and has submitted no evidence to show that a genuine issue of material fact does in fact exist. See Fed. R. Civ. P. 56(e); Murphy, 176 F.3d at 936.

## IV. CONCLUSION

For the foregoing reasons, the Secretary's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 11-26-03